Javier H. Castillo, Esq., SBN 219587
Castillo Law Firm
145 E. Rowland Street, Suite A
Covina, CA 91723
Tel. (626) 331-2327
Fax (888) 229-0087
e-mail: jcastillolaw@gmail.com

Attorney for Plaintiff, Jerry L. Cooch

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jerry L. Cooch, an individual )<br><br>        Plaintiff, )<br> )<br>vs. )<br> )<br>JOSHUA TURNER, an individual and )<br>employee of the City of Covina; IVAN )<br>OSTARCEVIC, an individual and employee )<br>of the City of Covina; SAMER HATHOUT, )<br>an individual and employee of the County of )<br>Los Angeles; DOE-1, an individual and )<br>employee of County of Los Angeles; and )<br>DOES 2-20, inclusive, )<br> )<br>        Defendants. )<br> ) | Case No.: 2:19-cv-00912-FMO-GJS<br><br>**SECOND AMENDED COMPLAINT:**<br><br>1.  Unlawful Detention (42 U.S.C. § 1983)<br>2.  Substantive Due Process (42 U.S.C. § 1983)<br>3.  False Arrest (42 U.S.C. § 1983)<br>4.  False Imprisonment (42 U.S.C. § 1983)<br>5.  Intentional Infliction of Emotional Distress<br>6.  Negligence<br>7.  California Constitution, Art. 1, § 13<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Jerry L. Cooch, based upon information and belief, alleges and complains as follows:

## I. INTRODUCTION

1.      This action arises out of an unlawful arrest and unlawful prosecution by the Police Department of Covina, California, and the Los Angeles County District Attorney's Office, against Jerry L. Cooch based on acts that occurred on or about November 28, 2017, and thereafter.

## JURISDICTION AND VENUE

2.    This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under The Laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.  This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3.    Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## IDENTIFICATION OF PARTIES

4.    At all times relevant to this complaint, Plaintiff is and was an individual residing in Los Angeles County, California.

5.    At all relevant times herein, Defendant JOSHUA TURNER, was an individual and employee of the City of Covina.

6.    At all relevant times herein, Defendant IVAN OSTARCEVIC, was an individual and employee of the City of Covina.

7.    At all relevant times herein, Defendant SAMER HATHOUT was an individual and employee of the County of Los Angeles as a Deputy District Attorney.

8.    At all relevant times herein, Defendant Doe-1 (hereinafter "PROSECUTOR 2") was an individual and an employee of the County of Los Angeles ("DA") as a Deputy District Attorney.

9.    The true names and capacities, whether individuals, corporate, association or otherwise of Defendant DOES 2-20, inclusive, are unknown to Plaintiff, who as a result sues these defendants by such fictitious names.   Plaintiff will seek leave to amend this complaint to allege the true names and capacities of these defendants when they have been ascertained.  Each of the fictitiously named defendants is responsible in some manner for the conduct or liabilities alleged herein.

10.   At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had a legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

11.     All of the acts complained of herein by plaintiff and against defendants were done and performed by said defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, defendants and their agents ratified all the acts complained of herein.

12.     On or about June 20, 2018, pursuant to Government Code section 910, plaintiff presented a claim to the County of Los Angeles in full and timely compliance with the California Tort Claim Act.

13.     On or about August 07, 2018, the County of Los Angeles rejected Plaintiff's claim pursuant to Government Code section 913 and 915.4.

## GENERAL ALLEGATIONS

14.     On or about November 28, 2017. at approximately, 7:00 AM, Detective I. Ostarcevic ("OSTARCEVIC") responded to assist in a home invasion robbery investigation that had occurred some hours before in the area.

15.     On or about November 28, 2017, early in the morning Plaintiff was walking on the sidewalk, minding his own business, on his way to get breakfast, along First Ave when he was stopped by Det. Ostarcevic, of the Covina Police Department (CPD).

16.     OSTARCEVIC detained and questioned Plaintiff regarding whether he was from the area, his current living arrangements and other issues.  Plaintiff informed OSTACERVIC that he had gone out drinking at the Mariposa Restaurant/bar and returned to sleep in his car, which was parked nearby.

17.     Plaintiff further informed OSTARCEVIC that he was not from the area of Covina, that his apartment was under renovation and that he was living in his car, which the night before he had parked on the street.

18.     OSTARCEVIC also searched Plaintiff's car and arrested him based on a misdemeanor arrest warrant, stemming from an old domestic violence order violation.

19.     OSTACERVIC transported Plaintiff to the Covina Police Department Jail.

20.     Once at the Covina Police Department, Plaintiff was interrogated by OSTACERVIC and TURNER, who were suspicious of Plaintiff's actions and then questioned Plaintiff as a potential suspect to the home invasion robbery.

21.     Plaintiff informed the two police detectives that he drove up the area of 500 South 1st Ave about 5pm, parked his vehicle and walked to the restaurant/bar called Mariposa where he met a friend from work.  He had two beers and two shots and on or around 9:00 P.M. Plaintiff and his friend each went their own way.  Plaintiff went straight to his car without stopping for anything or anyone. Plaintiff insisted that he did not know anyone in the area and that he had not harmed anyone.

22.     Plaintiff is informed that, according to Detective OSTACERVIC, Plaintiff had, what appeared to be "scratches," on his face; so OSTACERVIC asked Plaintiff to submit a DNA sample.  Sometime thereafter, Judge Nur signed a search warrant for a DNA Buccal sample and SART Exam. Plaintiff was transported to Covina Valley Medical Center where a SART examination was conducted.  Plaintiff is informed that the DNA evidence absolved him of any involvement in the home invasion robbery (at some time soon after in the case).

23.     Plaintiff is informed that based on his encounter and interviews with OSTARCEVIC and/or TURNER, Plaintiff was initially charged with several felonies, stemming from the Officers' investigation of the home invasion robbery of or about November 28, 2017.  Plaintiff spent approximately 36 days in jail awaiting arraignment, then his first pre-trial hearing.

24.     Plaintiff is informed that on or about January 3, 2018 (36 days after his arrest), when he appeared at his pre-trial hearing, the DA had another in suspect in custody, and that the other suspect was set for arraignment on January 4, 2018.

25.     Plaintiff is further informed that the testimony of the victim noted that there was only one perpetrator, so only one of the two men could have been the actual perpetrator and Defendant.

26.     Plaintiff is further informed that on January 3, 2018, the DA knew, or should have known, that Plaintiff was not the perpetrator of the home invasion robbery of or about 11/28/2017, and that the DA failed to provide Plaintiff's criminal defense attorney with this information about a second suspect, and of other exculpatory evidence in the DA's possession and/or control.

27.     Plaintiff is informed that [finally] on January 10, 2018, the DA's office informed Plaintiff's criminal defense attorney that there was a second suspect in custody.  Plaintiff is further informed that at this point, the DA's office knew who the actual and proper perpetrator of the crimes and proper defendant in that criminal manner was.  Nonetheless, plaintiff is informed that Defendants HATHOUT and Doe-1 refused to take reasonable steps to release Plaintiff, forcing him to further stay in custody until January 19, 2018, when, at Plaintiff's continued pre-trial hearing, the DA's office, through Doe-1, announced to the Criminal Court that it could not proceed against Plaintiff.  Plaintiff was released later that same day, but he was not given all of his personal property.

28.     Plaintiff is informed that TURNER kept some of Plaintiff's personal property, and even though Plaintiff has, on numerous occasions, requested its return, Defendant TURNER has and continues to refuse to release Plaintiff's personal property to him, or take reasonable steps to ensure that his personal property is released to him.

## FIRST CAUSE OF ACTION
### Fourth Amendment -Detention and Arrest (42 U.S.C. § 1983)
(as to All Defendants)

29.     Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference.

30.     42 U.S.C. § 1983 provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory subjects, or causes to be subjected, any person of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit at equity or other proper proceeding for redress.

31.     Plaintiffs had a firmly established right under the Fourth Amendment to be free from unreasonable search and seizure.

32.     A detention without reasonable suspicion that a citizen has committed a crime violates the Fourth Amendment prohibition on unreasonable searches and seizure.

33.     A police officer may stop and briefly detain a citizen based on a reasonable suspicion of involvement in a crime.

34.     Plaintiffs had committed no criminal offense or a traffic offense when OSTACERVIC initiated the stop.

35.     Defendant OSTACERVIC acted unreasonably in stopping the Plaintiff subjecting Plaintiff, to a prolonged investigatory detention when Plaintiff was detained, had his person and vehicle searched, made to wait for a DNA sample to be taken, and then transported to the Covina Police Department.

36.     As a result of Defendants' actions, Plaintiff suffered damages in the amount to be proven at trial, but no less than $1 million dollars for his loss of freedom, unlawful search and seizure, unlawful arrest and prosecution and humiliation for having to suffer these unlawful actions.

**SECOND CAUSE OF ACTION**
**Substantive Due Process (42 U.S.C. § 1983)**
(as to All Defendants)

37.     Plaintiff repeats and realleges all prior paragraphs of this Complaint with the same force and effect as a fully set forth herein.

38.     Plaintiff had a cognizable interest under the Due Process clause of the Fourteenth Amendment of the United States Constitution to be free from state action that deprive one of life, liberty, or property in such a manner as to shock the conscience.

39.     The aforementioned actions of defendants, and each of them, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of plaintiff, and with purpose to harm, unrelated to any legitimate law enforcement objective.

40.     As a direct and proximate result of these actions, plaintiff suffered emotional distress, mental anguish and pain.  Defendants thus violated the substantive due process rights of plaintiff

to be free from unwarranted interference of life, liberty, and/or property in such a manner as to shock the conscience.

41.     The conduct of the Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of plaintiff and therefore warrants the imposition of exemplary and punitive damages.

**THIRD CAUSE OF ACTION**
**(Civil Rights Action (42 U.S.C. § 1983) False Arrest**
(as to All Defendants)

42.     Plaintiff repeats and realleges all prior paragraphs of this Complaint with the same force and effect as a fully set forth herein.

43.     Plaintiff had a firmly established right under the Fourth Amendment to be free from arrest without probable cause.

44.     Defendants detained Plaintiff without probable cause.  Plaintiff was arrested on a separate warrant, but when exculpatory evidence became available, the Defendants continued to detain Plaintiff.

45.     Defendants were at the time of the detention, interrogation and arrest performing their duties as officers for the defendant, City of Covina.

46.     The Defendants, separately, and in concert, and deprived Plaintiff s of the rights, privileges and immunities secured to him by the Fourth Amendment to the Constitution of the United States and the laws of the United States.  Defendants acted with callous disregard for the constitutionally protected rights of Plaintiff.

47.     Plaintiff was subjected to humiliation, fear, and pain and suffering by the illegal acts of Defendants and suffered injuries as a result of the Defendants' actions.

48.     Plaintiff is entitled to compensatory damages, punitive damages, attorney's fees under 42 U.S.C. § 1988, and all applicable laws, and such additional relief as the Court deems just.

## FOURTH CAUSE OF ACTION
### Civil Rights Action (42 U.S.C. § 1983) False Imprisonment
(as to All Defendants)

49.     Plaintiff repeats and realleges all prior paragraphs of this Complaint with the same force and effect as a fully set forth herein.

50.     Defendants unlawfully detained Plaintiff for an unreasonable period of time after they knew or should have known that he had committed no crimes related to the home invasion robbery of or about 11/28/2017.

51.     False imprisonment is the nonconsensual, intentional confinement of a person, without lawful privilege, for an appreciable length of time, however short.

52.     The conduct of Defendants also amounts to oppression, fraud or malice within the meaning of California Civil Code § 3294 et seq. and punitive damages should be assessed against each defendant for the purpose of punishment and for the sake of example.

53.     As a result of Defendants' actions, Plaintiff suffered damages in the amount to be proven at trial, but no less than $1 million dollars.

## FIFTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
(as to Defendants Hathout and Doe-1)

54.     Plaintiff repeats and realleges all prior paragraphs of this Complaint with the same force and effect as a fully set forth herein.

55.     By engaging in the acts alleged herein, Defendants engaged in outrageous conduct with an intent to or a reckless disregard of the probability of causing Plaintiff to suffer emotional distress.

56.     As a direct, proximate and foreseeable result, Plaintiff suffered severe emotional distress and the outrageous conduct was the cause of the emotional distress suffered by Plaintiff.

57.     The conduct of Defendants also amounts to oppression, fraud or malice and punitive damages should be assessed against Defendants for the purpose of punishment and for the sake of example.

**SIXTH CAUSE OF ACTION**
**Negligence**
(as to Defendants Hathout and Doe-1)

58.     Plaintiff repeats and realleges all prior paragraphs of this Complaint with the same force and effect as a fully set forth herein.

59.     Defendants had a duty to Plaintiff to act with ordinary care and prudence so as not to cause harm or injury to him.

60.     By engaging in the acts alleged herein, Defendants failed to act with ordinary care and breached their duty of care owed to Plaintiff.

61.     Defendants failed to act with ordinary and prudent care with regard to Plaintiff.

62.     As a direct, proximate and foreseeable result of defendants' breach of their duty of care, Plaintiff suffered damages in an amount according to proof at the time of trial, but not less than $500,000.00.

**SEVENTH CAUSE OF ACTION**
**Bane Act, Civil Code § 52.1**
(As to Defendants Hathout and Doe-1)

63.     Plaintiff repeats and realleges all prior paragraphs of this Complaint with the same force and effect as a fully set forth herein.

64.     Article I, § 13 of the California Constitution and the Fourth Amendment to the United States Constitution guarantee the right of persons to be free from arrests, searches, and warrantless entries without probable cause, and the use of unnecessary and excessive force on the part of law enforcement officers. Defendants, by engaging in the wrongful acts and failures to act alleged herein, intentionally and deliberately denied each of these rights to Plaintiff by threats, intimidation, and/or coercion, thus giving Plaintiff a claim for damages pursuant to Cal.

Civ. Code § 52.1.  Specifically, Defendants detained Plaintiff for an appreciable amount of time without justification.

65.     As the direct and legal result of Defendants' conduct, Plaintiff suffered and will continue to suffer damages, including but not limited to those set forth above, and is entitled to statutory damages under Cal. Civ. Code § 52, as well as compensatory and punitive damages and attorneys' fees.

66.     The conduct of Defendants also amounts to oppression, fraud or malice within the meaning of Civil Code Section 3294 et seq. and punitive damages should be assessed against each defendant for the purpose of punishment and for the sake of example.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

1.     For compensatory, general and special damages against each Defendant, jointly and severally, amounts to be proven at trial, but not less than $1,500,000.00;

2.     Entering judgment for exemplary damages against each of the individual defendants in an amount sufficient to punish and to make an example of said defendants, and to deter said defendants and others from engaging in similar conduct.

3. For interest;

4. For costs of suit and reasonable attorneys' fees and costs as authorized by statute or law;

5. For restitution as the Court deems just and proper;

6. For such other relief, including injunctive and/or declaratory relief, as the Court may deem proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury in this action.

Dated: May __3__, 2019                          Respectfully Submitted,

By:_____

Javier H. Castillo, Esq.
Attorney for Plaintiff
JERRY L. COOCH

Javier H. Castillo, Esq., SBN 219587
Castillo Law Firm
145 E. Rowland Street, Suite A
Covina, CA 91723
Tel. (626) 331-2327
Fax (888) 229-0087
e-mail: jcastillolaw@gmail.com

Attorney for Plaintiff

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

Jerry L. Cooch                                     Case No. 2:19-cv-00912-FMO-GJS

               Plaintiff,

v.

CITY OF COVINA, a municipal corporation;        **CERTIFICATE OF SERVICE**
DOE-1, an individual; DOE-2, an individual;
DOE-3, an individual; and DOES 1-20,
inclusive,

               Defendants.

_____/

     I, the undersigned, declare that I am employed in the County of Los Angeles.  I am over the age of 18 years and not a party to the within entitled action.  My business address is 145 E. Rowland Street, Suite A, Covina, CA 91723.

     On May 03, 2019, I served the within **SECOND AMENDED COMPLAINT** by placing a true copy thereof in a sealed envelope with postage thereon fully prepaid, in the United States Mail at Covina, California, to all parties entitled to receive regularly mailed notices, addressed as follows:

Kevin M. Osterberg, Esq.                    [Counsel for City of Covina]
**Haight Brown & Bonesteel, LLP**
3880 Lemon Street, Suite 410
Riverside, CA 92501

     I declare, under penalty of perjury, that the foregoing is true and correct.

Dated: May 3, 2019           _Bertha Bendana_
                        Bertha Bendana, Declarant